IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) BMC ENTERPRISES, INC. d/b/a ) BOND MEMORIAL CHAPEL AND ) LEBANON MONUMENT CO., ) ) Defendant/Counter-Plaintiff. ) | NO. 3:21-cv-00079<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Compel Appraisal (Doc. No. 44) filed by Defendant/Counter-Plaintiff BMC Enterprises, Inc. d/b/a Bond Memorial Chapel and Lebanon Monument Co. ("Bond Memorial"). Plaintiff/Counter-Defendant the Cincinnati Insurance Company ("CIC") filed a response in opposition (Doc. No. 49), and Bond Memorial filed a reply (Doc. No. 54). For the reasons discussed below, the Motion (Doc. No. 44) is **GRANTED**.

I. BACKGROUND

Bond Memorial owns a commercial property, which it operates as a funeral home, located at 1098 Weston Drive, Mount Juliet, Tennessee 37122 (the "Insured Premises"). (Doc. No. 1 ¶ 3). Bond Memorial insured this premises with CIC under Policy No. 05ECP0365096 (the "Policy"). (Doc. No. 1 ¶ 6). On March 3, 2020, a tornado struck the Insured Premises, resulting in physical damage. (Doc. No. 37 ¶ 9). After the tornado, Bond Memorial notified CIC of the damage to the Insured Premises. (Doc. No. 1 ¶ 8; Doc. No. 37 ¶ 11). On March 5, 2020, CIC inspected the Insured Premises. (Doc. No. 1 ¶ 9; Doc. No. 37 ¶ 14). Based on its inspection, CIC paid $116,548.92 after application of the deductible. (Doc. No. 1 ¶ 9; Doc. No. 37 ¶ 15). The Howarth Group ("Howarth"),

Bond Memorial's public adjuster, determined Bond Memorial suffered damages of $328,282.28. (Doc. No. 1 ¶ 10). Bond Memorial invoked the appraisal provision of the insurance Policy, (Doc. No. 1 ¶ 11; Doc. No. 37 ¶ 16), and CIC declined to participate in the appraisal process for any areas of the Insured Property where CIC believed there were issues of coverage, causation, and liability. (Doc. No. 1 ¶ 13; Doc. No. 37 ¶ 20). On February 2, 2021, CIC filed the instant lawsuit, seeking entry of a declaratory judgment that it is not obligated to participated in the appraisal process regarding Bond Memorial's claimed damages that CIC does not believe are covered by the Policy. (Doc. No. 1 at 8-9). In turn, Bond Memorial counterclaimed and is seeking, in part, enforcement of the appraisal provision of the Policy. (Doc. No. 37 at PageID 600).

## II.　ANALYSIS

"A federal court sitting in diversity applies the substantive law of the state in which it sits." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). "In Tennessee, absent a valid choice of law provision, the rights and obligations under an insurance policy are governed by the law of the state where the insurance policy was 'made and delivered.'" *Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 485 n.1 (Tenn. Ct. App. 2006). Because the Policy was issued and delivered in Tennessee, the Court will apply Tennessee substantive law to the interpretation and effect of the Policy.

Under Tennessee law, "an insurance policy is a contract, and as such, [the court's] analysis must be grounded in principles of contract law." *Christenberry v. Tipton*, 160 S.W.3d 487, 492 (Tenn. 2005). Thus, the terms of an insurance contract "should be given their plain and ordinary meaning." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Where the language of the policy is clear and unambiguous, the court must give effect to that meaning. *Id*. "Language in an insurance policy is ambiguous if it is susceptible of more than one reasonable interpretation." *Artist

2

*Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 216 (Tenn. Ct. App. 2013). "When a provision that purports to limit insurance is ambiguous, it must be construed against the insurance company and in favor of the insured." *Id*. "The Court's analysis of the applicability of the appraisal clause begins and ends with the plain language of the policy." *State Farm Fire & Cas. Co. v. Harper*, No. 3:20-cv-00856, 2022 WL 989088, at *4 (M.D. Tenn. Mar. 31, 2022).

In the present case, the appraisal provision in the Policy provides as follows:

> If we and you disagree on the value of the property, the amount of Net Income and operating expense, or the amount of "loss", either may make written demand for an appraisal of the "loss". In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense, and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we still retain our right to deny the claim.

(Doc. 1-1, at PageID# 57). The foregoing provision is the same as the appraisal provision at issue in *Kush Enterprises, LLC v. Massachusetts Bay Ins. Co.*, No. 3:18-cv-492, 2019 WL 13117568, at *2 (E.D. Tenn. Nov. 7, 2019), which the court considered in the context of a motion to compel appraisal.[1] In *Kush*, the court found that appraisal provision "mandates the appraisal process if (1)

---

[1] The appraisal provision in *Kush* was as follows:

> If we and you disagree on the amount of net income, operating expense or loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of the net income, operating expense and loss. If they fail to agree, they will submit their differences to

3

the parties disagree on the amount of loss and (2) either party makes a written demand for an appraisal of the loss." *Id*. As in the present case, neither party disputed that the plaintiff made a written demand for an appraisal. *See id*. Accordingly, the *Kush* court found the only issue for it to decide was whether the parties disagree on the amount of loss. *See id*.

Here, Bond Memorial claims there is damage to the Insured Premises that has not been covered, and CIC asserts that there is no additional covered loss. (Doc. No. 1 ¶ 10; Doc. No. 49 at 4). By contesting whether there is additional covered loss, CIC necessarily disagrees with Bond Memorial about the total amount of loss Bond Memorial incurred. *See Kush*, at *2. The plain language of the Policy's appraisal provision allows either party to demand appraisal when there is a disagreement on the amount of loss. As such, the Court finds the provision is applicable and can be enforced by this Court. *See Kush* (granting motion to compel appraisal); *see also Morrow v. State Farm Fire & Cas. Co.*, No. 1:21-cv-00133, 2022 WL 885863 at *3 (E.D. Tenn. Mar. 22, 2022) (quoting *J. Wise Smith & Assocs., Inc. v. Nationwide Mut. Ins. Co.*, 925 F. Supp. 528, 530 (W.D. Tenn. 1995)) ("Courts 'regularly compel appraisal pursuant to such provisions[.]'"). Accordingly, for the foregoing reasons, Bond Memorial's Motion to Compel Appraisal is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

*Id*.